out stating how; in withdrawing or admitting evidence, without plainly and distinctly setting forth what the evidence was; in "expressing an opinion as to the effect of certain documentary evidence," without stating what the expression was, and other like assignments of error, are too vague, indefinite and uncertain to be considered, and afford no cause for a new trial.

4. The evidence not having been briefed as required by law, but a full stenographic report thereof, in dialogue form, having been filed with the motion for a new trial, this court, without further examination, will presume that the trial judge, who was satisfied with the verdict, rightly held the material allegations of the indictment were sufficiently proved; and a new trial will not be granted on the ground that the verdict was contrary to the evidence.                                        *Judgment affirmed.*

March 14, 1893.

Indictment for forgery. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1892.

D. R. KEITH, CLINTON GOWDY and F. L. HARALSON, for plaintiff in error. C. D. HILL, solicitor-general, *contra.*

---

### SAXTON *v.* THE STATE.

On a trial for an assault with intent to murder by shooting at another, where all the evidence points to a motive wholly disconnected with the domestic affairs and relations of the accused, and his statement attributes the assault to the report made to him by his wife of an outrage upon her by the person assaulted shortly before the assault was committed, a charge of the court which instructs the jury that if they believe the statement and give it effect, they may, in their discretion, treat the matter of it either as mitigation so as to reduce the offence to shooting at another, or as justification so as to negative the commission of any offence, is quite as favorable to the accused as any construction or view of the law will warrant. There was no error in denying the requests to charge, inasmuch as all the correct and pertinent propositions of law which they embraced were covered by the charge of the court as given. The charge was full, fair and favorable, rather than unfavorable, to the accused. There was no error in denying a new trial.                                        *Judgment affirmed.*

March 14, 1893.

Indictment for assault with intent to murder. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1892.

THOMAS J. LEFTWICH, for plaintiff in error
C. D. HILL, solicitor-general, *contra*.

## DELK *v.* THE STATE.

92a 453|
97  212|
─
92   453
Case 1
f127  827

92   453|
Case 1
129   730|

1. The general charge being full and fair on the subject of reasonable doubt in connection with the law of self-defence, including reasonable fears, there was no error in refusing to charge: "If you have a reasonable doubt as to whether the defendant, Delk, acted when he cut Evans, the deceased, under circumstances calculated to excite the fears of a reasonable man, or whether he felt at the time he cut Evans, the deceased, and had reason to feel from the circumstances, that it was necessary to cut Evans, the deceased, to save his life, limb or person, then he would be justifiable, and you should acquit him," even if this request was a correct statement of the law. *McDuffie* v. *The State*, 90 *Ga.* 786. Nor was there any error in charging as follows: "But if you do not believe he is guilty of either [murder or voluntary manslaughter] beyond a reasonable doubt, and that this homicide was done in self-defence, then it would be your duty to find the defendant not guilty."
2. The verdict for voluntary manslaughter was amply sustained by the evidence, and there was no error in refusing to grant a new trial.   *Judgment affirmed.*

March 14, 1893.

Indictment for murder. Before Judge RICHARD H. CLARK. Fulton superior court. September term, 1892.

JORDAN & ROBINSON, for plaintiff in error.
C. D. HILL, solicitor-general, *contra*.

## BOISCLAIR *v.* THE STATE.

92b 453|
113  699|

A verdict of guilty upon the trial of the main case will not be set aside because of a wrong finding, whether by the court or by a jury, upon a special plea of misnomer which was disposed of before the trial of the main case began, there being no direct motion to set aside the finding on the special plea, but only a motion for a new trial in the main case, with alleged error in disposing of the special plea as one of the grounds thereof. *Kneeland et al.* v. *The State*, 62 *Ga.* 395. Although there are cases in which a different line of practice has been pursued, they are not inconsistent with the